UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALLEN MAZEROLLE, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No._____ |
| THE HOME DEPOT, INC. | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant | ) | |

## CLASS ACTION COMPLAINT

### NATURE OF ACTION

1.      Plaintiff brings this class action as a result of a breach of the security system of defendant The Home Depot, Inc. (hereafter "Defendant" or "Home Depot") governing electronic transactions, resulting in compromised security of Plaintiff's and Class Members' personal financial information.  Such personal information included, but upon information and belief was not limited to, the putative Class Members' (hereafter "Class Members") names, credit or debit card number, the card's expiration date, and the card's CVV (a three-digit security code).

**PARTIES**

2.      Plaintiff Allen Mazerolle ("Plaintiff" or "Mr. Mazerolle") is an individual residing in Cumberland County, Maine.

3.      Defendant The Home Depot, Inc. is a Delaware corporation, headquartered in Atlanta, Georgia.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.  In addition, this Court has diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  Plaintiff and Defendant are citizens of different states, the amount in controversy exceeds $5,000,000.00, and there are more than 100 putative class members.

5.      This Court has personal jurisdiction over Home Depot because Home Depot maintains its principal place of business in Georgia, regularly conducts business in Georgia, and has sufficient minimum contacts in Georgia.  Home Depot intentionally avails itself of this jurisdiction by marketing and selling products from Georgia to millions of consumers nationwide, including in Georgia.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because Defendant's principal place of business is in this District and a substantial part of

{00032317() }

the events, acts, and omissions giving rise to Plaintiffs' claims occurred in this District.

## COMMON FACTUAL ALLEGATIONS

7.     When consumers make purchases at Home Depot retail stores using credit or debit cards, Home Depot collects information related to that card, including the card holder's name, the account number, expiration date, card verification value (CVV), and personal identification number for debit cards. Home Depot stores this information in its point-of-sale system and transmits this information to a third party for completion of the payment.  Home Depot also collects and stores customer names, mailing addresses, phone numbers, and email addresses.

8.     By collecting and storing such extensive and detailed customer information, Home Depot creates an obligation for itself to protect this information from falling into the hands of identity thieves and other criminals.

9.     In approximately late April or early May, 2014, computer hackers gained access to Home Depot's data network.  Between approximately late April or early May, 2014 and the present, personal and/or financial information of hundreds of thousands, if not millions of consumers stored by Home Depot has been compromised.

{00032317() }

10.     On September 2, 2014, computer security blogger Brian Krebs made the first public report concerning Home Depot's data breach.

11.     Plaintiff's and Class Members' financial and personal information is extremely valuable to thieves.  As the Federal Trade Commission recognizes, once identity thieves have personal information, "they can drain your bank account, run up your credit cards, open new utility accounts, or get medical treatment on your health insurance."

12.     Identity thieves use the credit card information to create fake credit cards that can be swiped and used to make purchases as if they were the real credit cards.  Additionally, the thieves could reproduce stolen debit cards and use them to withdraw cash from ATMs.

13.     The ramifications of Home Depot's failure to keep Plaintiff's and Class Members' personal and financial information secure are severe.  Identity theft occurs when someone uses another's personal and financial information such as that person's name, address, credit card number, credit card expiration dates, and other information, without permission, to commit fraud or other crimes.

14.     Identity thieves can use personal information such as that pertaining to Plaintiff and the Class, which Home Depot failed to keep secure, to perpetrate a variety of crimes that harm the victims. For instance, identity thieves may commit

various types of crimes such as immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victim's information to obtain government benefits, or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.  The United States government and privacy experts acknowledge that it may take years for identity theft to come to light and be detected.

## PLAINTIFF'S FACTUAL ALLEGATIONS

15.     Mr. Mazerolle is a long-time customer of Home Depot.

16.     On several occasions from April of 2014 to the present, including during the time that Home Depot's data network was breached by hackers, Mr. Mazerolle purchased goods at various Home Depot stores in the state of Maine using a credit card.  At all material times, Mr. Mazerolle relied upon the security protections of Home Depot's data network to assure that his personal and financial information contained on his credit cards would remain secure and would not be disclosed to third persons.

17.     If Mr. Mazerolle had known that Home Depot would not maintain his personal and financial information in a secure manner, he would not have purchased goods at Home Depot using his credit cards.

18.     Mr. Mazerolle's personal information associated with his credit cards was compromised in and as a result of the Home Depot data breach.  Mr. Mazerolle was harmed by having his financial and personal information compromised and faces the imminent threat of future additional harm from the increased threat of identity theft and fraud due to his financial and personal information being sold on the Internet black market and/or misused by criminals.

## CLASS ACTION ALLEGATIONS

19.     Pursuant to Fed. R. Civ. P. 23, Plaintiff brings his claims that Home Depot violated the federal Stored Communications Act, 18 U.S.C. § 2702 (Count I), on behalf of a national class defined as follows:

**Nationwide Data Breach Statute Class:**

All residents of the United States whose credit or debit card information and/or whose personal information was compromised as a result of the Home Depot data breach first publicly reported on September 2, 2014.

20.     Pursuant to Fed. R. Civ. P. 23, Plaintiff brings his claims that Home Depot violated state data breach statutes (Count II) on behalf of separate statewide classes in and under the respective data breach statutes of the States of Alaska, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nebraska, Nevada, New

Hampshire, New Jersey, North Carolina, North Dakota, Oklahoma, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, Wisconsin and Wyoming, and the District of Columbia. These classes are defined as follows:

**Statewide Data Breach Statute Classes:**

All residents of [name of State or District of Columbia] whose credit or debit card information and/or whose personal information was compromised as a result of the Home Depot data breach first publicly reported on September 2, 2014.

21.    Pursuant to Fed. R. Civ. P. 23, Plaintiff brings separate claims for negligence (Count III), breach of implied contract (Count IV), bailment Count (V) and unjust enrichment (Count VI) on behalf of the respective statewide classes in and under the laws of each respective State of the United States and the District of Columbia as set forth in Counts III, IV, V, and VI. These classes for each of the foregoing claims are defined as follows:

**Statewide [Negligence, Breach of Implied Contract, Bailment or Unjust Enrichment] Class:**

All residents of [name of State or District of Columbia] whose credit or debit card information and/or whose personal information was compromised as a result of the Home Depot data breach first publicly reported on September 2, 2014.

22.    Excluded from each of the above Classes are The Home Depot, Inc., including any entity in which Home Depot has a controlling interest, is a parent or subsidiary, or which is controlled by Home Depot, as well as the officers, directors,

affiliates, legal representatives, heirs, predecessors, successors, and assigns of Home Depot. Also excluded are the Court and its officers, employees, and relatives.

23.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of the claims on a class-wide basis using the same exclusive and common evidence as would be used to prove those elements in individual actions alleging the same claims.

24.     All members of the purposed Classes are readily ascertainable. Home Depot has access to addresses and other contact information for millions of customers, which can be used to provide notice to Class Members.

25.     Numerosity. Plaintiff does not know the exact number of Class Members but believes that the Class comprises hundreds of thousands if not millions of consumers throughout the United States. As such, Class Members are so numerous that joinder of all members is impracticable.

26.     Commonality and predominance. Well-defined, nearly identical legal or factual questions affect all Class members. These questions predominate over questions that might affect individual Class members. These common questions include, but are not limited to, the following:

a. Whether there was an unauthorized disclosure by Defendant of Class Members' personal and/or financial information;

b. Whether Defendant enabled an unauthorized disclosure of Class Members' personal and/or financial information;

c. Whether Defendant misrepresented the safety and security of Class Members' personal and/or financial information maintained by Defendant;

d. Whether Defendant implemented and maintained reasonable procedures and practices appropriate for maintaining the safety and security of Class members' personal and/or financial information;

e. When Defendant became aware of an unauthorized disclosure of Class Members' personal and/or financial information;

f. Whether Defendant unreasonably delayed notifying Class Members of an unauthorized disclosure of Class Members' personal and/or financial information;

g. Weather Defendant intentionally delayed notifying Class Members of an unauthorized disclosure of Class Members' personal and/or financial information;

h. Whether Defendant's conduct was negligent;

i. Whether Defendant's conduct was deceptive;

j. Whether Defendant's conduct was knowing, willful, intentional, and/or malicious;

k. Whether Plaintiff and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

27.     Typicality. Plaintiff's claims are typical of the claims of the Class. Plaintiff and all Class members were injured through Home Depot's misconduct described above and assert the same claims for relief. The same events and conduct that give rise to Plaintiff's claims are identical to those that give rise to the claims of every other Class Member because Plaintiff and each Class Member is a person that has suffered harm as a direct result of the same conduct (and omissions of material facts) engaged in by Home Depot and resulting in the Home Depot data breach.

28.     Adequacy. Plaintiff will fairly and adequately protect Class Members' interests. Plaintiff has no interests antagonistic to Class Members' interests, and Plaintiff has retained counsel that has considerable experience and success in prosecuting complex class action and consumer protection cases.

29.     Superiority. A class action is superior to all other available methods for fairly and efficiently adjudicating the claims of Plaintiff and the Class

Members. Plaintiff and the Class Members have been harmed by Home Depot's wrongful actions and inaction. Litigating this case as a class action will reduce the possibility of repetitious litigation relating to Home Depot's wrongful actions and inaction.

30.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. There is no special interest in the members of the Class individually controlling the prosecution of separate actions. The loss of money and other harm sustained by many individual Class Members will not be large enough to justify individual actions, especially in proportion to the significant costs and expenses necessary to prosecute this action. The expense and burden of individual litigation makes it impossible for many members of the Class individually to address the wrongs done to them. Class treatment will permit the adjudication of claims of Class Members who could not afford individually to litigate their claims against Home Depot. Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and

{00032317() }

efficient adjudication of this controversy. Furthermore, Home Depot transacts substantial business in and perpetrated its unlawful conduct from Georgia. Home Depot will not be prejudiced or inconvenienced by the maintenance of this class action in this forum.

31.    Class certification, therefore, is appropriate under Fed. R. Civ. P. 23(a) and (b)(3). The above common questions of law or fact predominate over any questions affecting individual members of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32.    Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), because Home Depot has acted or has refused to act on grounds generally applicable to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

33.    The expense and burden of litigation will substantially impair the ability of Plaintiff and Class members to pursue individual lawsuits to vindicate their rights. Absent a class action, Home Depot will retain the benefits of its wrongdoing despite its serious violations of the law.

## COUNT I – VIOLATION OF THE FEDERAL STORED COMMUNICATIONS ACT, 18 U.S.C. § 2702

34.     Plaintiff repeats, realleges, and incorporates Paragraphs 1 through 33 in this Complaint as if fully set forth herein.

35.     The Stored Communications Act ("SCA") contains provisions that provide consumers with redress if a company mishandles their electronically stored information.  The SCA was designed, in relevant part, "to protect individuals' privacy interests in personal and proprietary information." S. Rep. No. 99-541, at 3 (1986), *reprinted in* 1986 U.S.C.C.A.N. 3555 at 3557.

36.     Section 2702(a)(1) of the SCA provides that "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C. § 2702(a)(1).

37.     The SCA defines "electronic communication service" as "any service which provides to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15).

38.     Through its payment processing equipment, Home Depot provides an "electronic communication service to the public" within the meaning of the SCA because it provides consumers at large with credit and debit card payment processing capability that enables them to send or receive wire or electronic

communications concerning their private financial information to transaction managers, card companies, or banks.

39.    By failing to take commercially reasonable steps to safeguard sensitive private financial information, even after Home Depot was aware that customers' personal information had been compromised, Home Depot has knowingly divulged customers' private financial information that was communicated to financial institutions solely for customers' payment verification purposes, while in electronic storage in Home Depot's payment system.

40.    Section 2702(a)(2)(A) of the SCA provides that "a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such service." 18 U.S.C. § 2702(a)(2)(A).

41.    The SCA defines "remote computing service" as "the provision to the public of computer storage or processing services by means of an electronic communication system." 18 U.S.C. § 2711(2).

42.     An "electronic communications system" is defined by the SCA as "any wire, radio, electromagnetic, photooptical or photoelectronic facilities for the transmission of wire or electronic communications, and any computer facilities or related electronic equipment for the electronic storage of such communications." 18 U.S.C. § 2510(4).

43.     Home Depot provides remote computing services to the public by virtue of its computer processing services for consumer credit and debit card payments, which are used by customers and carried out by means of an electronic communications system, namely the use of wire, electromagnetic, photooptical or photoelectric facilities for the transmission of wire or electronic communications received from, and on behalf of, the customer concerning customer private financial information.

44.     By failing to take commercially reasonable steps to safeguard sensitive private financial information, Home Depot has knowingly divulged customers' private financial information that was carried and maintained on its remote computing service solely for the customer's payment verification purposes.

45.     As a result of Home Depot's conduct described herein and its violations of Section 2702(a)(1) and (2)(A), Plaintiff and putative Class Members of the Nationwide Data Breach Statute Class have suffered injuries, including lost

money and the costs associated with the need for vigilant credit monitoring to protect against additional identity theft.  Plaintiff, on his own behalf and on behalf of the putative Class, seeks an order awarding him and the Class the maximum statutory damages available under 18 U.S.C. § 2707 in addition to the cost for three years of credit monitoring services.

**COUNT II**
**VIOLATIONS OF STATE DATA BREACH STATUTES**
**(On behalf of Plaintiff and the separate statewide data breach statute classes.)**

46.     Plaintiff repeats, realleges, and incorporates Paragraphs 1 through 45 in this Complaint as if fully set forth herein.

47.     Legislatures in the states and jurisdictions listed below have enacted data breach statutes. These statutes generally require that any person or business conducting business within the state that owns or licenses computerized data that includes personal information shall disclose any breach of the security of the system to any resident of the state whose personal information was acquired by an unauthorized person, and further require that the disclosure of the breach be made in the most expedient time possible and without unreasonable delay.

48.     The Home Depot data breach constitutes a breach of the security system of Home Depot within the meaning of the below state data breach statutes, and the data breached is protected and covered by the below data breach statutes.

49.     Plaintiff's and Class Members' names, credit and debit card numbers, card expiration dates, CVVs addresses, phone numbers and email addresses constitute personal information under and subject to the below state data breach statutes.

50.     Home Depot unreasonably delayed in informing the public, including Plaintiff and members of the statewide Data Breach Statute Classes ("Class," as used in this Count II), about the breach of security of Plaintiff's and Class Members' confidential and non-public personal information after Home Depot knew or should have known that the data breach had occurred.

51.     Home Depot failed to disclose to Plaintiff and Class Members without unreasonable delay and in the most expedient time possible, the breach of security of Plaintiff's and Class Members' personal and financial information when Home Depot knew or reasonably believed such information had been compromised.

52.     Plaintiff and members of the Class suffered harm directly resulting from Home Depot's failure to provide and the delay in providing Plaintiff and Class Members with timely and accurate notice as required by the below state data breach statutes. Plaintiff suffered the damages alleged above as a direct result of Home Depot's delay in providing timely and accurate notice of the data breach.

{00032317( ) }

53.     Had Home Depot provided timely and accurate notice of the Home Depot data breach, Plaintiff and Class Members would have been able to avoid and/or attempt to ameliorate or mitigate the damages and harm resulting from the unreasonable delay by Home Depot in providing notice. Plaintiff and Class members could have avoided making credit or debit card purchases at Home Depot stores, could have avoided shopping at Home Depot stores at all, and could have contacted their banks to cancel their cards, or could otherwise have tried to avoid the harm caused by Home Depot's delay in providing timely and accurate notice.

54.     Home Depot's failure to provide timely and accurate notice of the Home Depot data breach violated the following state data breach statutes:

       a. Alaska Stat. Ann. § 45.48.010(a), et seq.;

       b. Ark. Code Ann. § 4-110-105(a), et seq.;

       c. Cal. Civ. Code § 1798.83(a), et seq.;

       d. Colo. Rev. Stat. Ann § 6-1-716(2), et seq.;

       e. Conn. Gen. Stat. Ann. § 36a-701b(b), et seq.;

       f. Del. Code Ann. Tit. 6 § 12B-102(a), et seq.;

       g. D.C. Code § 28-3852(a), et seq.;

       h. Fla. Stat. Ann. § 501.171(4), et seq.;

       i. Ga. Code Ann. § 10-1-912(a), et seq.;

j. Haw. Rev. Stat. § 487N-2(a), et seq.;

k. Idaho Code Ann. § 28-51-105(1), et seq.;

l. Ill. Comp. Stat. Ann. 530/10(a), et seq.;

m. Iowa Code Ann. § 715C.2(1), et seq.;

n. Kan. Stat. Ann. § 50-7a02(a), et seq.;

o. Ky. Rev. Stat. Ann. § 365.732(2), et seq.;

p. La. Rev. Stat. Ann. § 51:3074(A), et seq.;

q. 10 M.R.S. § 1346 et seq.;

r. Md. Code Ann., Commercial Law § 14-3504(b), et seq.;

s. Mass. Gen. Laws Ann. Ch. 93H § 3(a), et seq.;

t. Mich. Comp. Laws Ann. § 445.72(1), et seq.;

u. Minn. Stat. Ann. § 325E.61(1)(a), et seq.;

v. Mont. Code Ann. § 30-14-1704(1), et seq.;

w. Neb. Rev. Stat. Ann. § 87-803(1), et seq.;

x. Nev. Rev. Stat. Ann. § 603A.220(1), et seq.;

y. N.H. Rev. Stat. Ann. § 359-C:20(1)(a), et seq.;

z. N.J. Stat. Ann. § 56:8-163(a), et seq.;

aa. N.C. Gen. Stat. Ann. § 75-65(a), et seq.;

bb. N.D. Cent. Code Ann. § 51-30-02, et seq.;

{00032317() }

cc. Okla. Stat. Ann. Tit. 24 § 163(A), et seq.;

dd. Or. Rev. Stat. Ann. § 646A.604(1), et seq.;

ee. R.I. Gen. Laws Ann. § 11-49.2-3(a), et seq.;

ff. S.C. Code Ann. § 39-1-90(A), et seq.;

gg. Tenn. Code Ann. § 47-18-2107(b), et seq.;

hh. Tex. Bus. & Com. Code Ann. § 521.053(b), et seq.;

ii. Utah Code Ann. § 13-44-202(1), et seq.;

jj. Va. Code. Ann. § 18.2-186.6(B), et seq.;

kk. Wash. Rev. Code Ann. § 19.255.010(1), et seq.;

ll. Wis. Stat. Ann. § 134.98(2), et seq.; and

mm. Wyo. Stat. Ann. § 40-12-502(a), et seq.

55.    Plaintiff and members of each of the statewide Data Breach Statute Classes seek all remedies available under their respective state data breach statutes, including but not limited to a) damages suffered by Plaintiff and Class Members as alleged above, b) equitable relief, including injunctive relief, and c) reasonable attorneys' fees and costs, as provided by law.

**COUNT III**
**NEGLIGENCE**
**(On behalf of Plaintiff and the separate statewide negligence classes.)**

56.     Plaintiff repeats, realleges, and incorporates Paragraphs 1 through 55 in this Complaint as if fully set forth herein.

57.     Home Depot came into possession, custody, and/or control of personal and/or financial information of Plaintiff and Class members.

58.     Home Depot owed a duty to Plaintiff and members of the statewide Negligence Classes ("Class" as used in this Count III) to exercise reasonable care in safeguarding and securing the personal and/or financial information of Plaintiff and Class Members in its possession, custody, and/or control.

59.     Home Depot had a duty to exercise reasonable care in implementing and maintaining reasonable procedures and practices appropriate for maintaining the safety and security of Plaintiff's and Class Members' personal and/or financial information in its possession, custody, and/or control.

60.     Home Depot had a duty to exercise reasonable care in timely notifying Plaintiff and Class Members of an unauthorized disclosure of Plaintiff's and Class Members' personal and/or financial information in its possession, custody, and/or control.

61.     Home Depot, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and Class Members by failing to exercise reasonable care in safeguarding and securing the personal and/or financial information of Plaintiff and Class Members in its possession, custody, and/or control.

62.     Home Depot, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and Class Members by failing to exercise reasonable care in implementing and maintaining reasonable procedures and practices appropriate for maintaining the safety and security of Plaintiff's and Class Members' personal and/or financial information in its possession, custody, and/or control.

63.     Home Depot, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and Class Members by failing to exercise reasonable care in timely notifying Plaintiff and Class Members of an unauthorized disclosure of their personal and/or financial information in its possession, custody, and/or control.

64.     Home Depot's negligent and wrongful breach of duties it owed to Plaintiff and Class Members proximately caused an unauthorized disclosure of Plaintiff's and Class Members' personal and/or financial information in its possession, custody, and/or control.

{00032317() }

65.     As a direct and proximate result of Home Depot's negligent conduct, Plaintiff and the Class have suffered injury and are entitled to damages in an amount to be proven at trial.

**COUNT IV**
**BREACH OF IMPLIED CONTRACT**
**(On behalf of Plaintiff and the separate statewide breach of implied contract classes.)**

66.     Plaintiff repeats, realleges, and incorporates Paragraphs 1 through 65 in this Complaint as if fully set forth herein.

67.     When Plaintiff and members of the Breach of Implied Contract Classes ("Class" as used in this Count IV) provided their financial and personal information to Home Depot in order to make purchases at Home Depot stores, Plaintiff and members of the Class entered into implied contracts with Home Depot pursuant to which Home Depot agreed to safeguard and protect such information and to timely and accurately notify Plaintiff and Class members that their data had been breached and compromised.

68.     Home Depot solicited and invited Plaintiff and members of the Class to purchase products at Home Depot stores using their credit or debit cards. Plaintiff and members of the Class accepted Home Depot's offers and used their credit or debit cards to purchase products at Home Depot stores during the period of the Home Depot data breach.

{00032317( ) }

69.    Each purchase made at a Home Depot store by Plaintiff and members of the Class using their credit or debit card was made pursuant to the mutually agreed upon implied contract with Home Depot under which Home Depot agreed to safeguard and protect Plaintiff's and Class Members' personal and financial information, including all information contained in the magnetic stripe of Plaintiff's and Class Members' credit or debit cards, and to timely and accurately notify them that such information was compromised and breached.

70.    Plaintiff and the Class Members would not have provided and entrusted their financial and personal information, including all information contained in the magnetic stripes of their credit and debit cards, to Home Depot in order to purchase products at Home Depot stores in the absence of the implied contract between them and Home Depot.

71.    Plaintiff and members of the Class fully performed their obligations under the implied contracts with Home Depot.

72.    Home Depot breached the implied contracts it made with Plaintiff and Class Members by failing to safeguard and protect the personal and financial information of Plaintiff and members of the Class and by failing to provide timely and accurate notice to them that their personal and financial information was compromised in and as a result of the Home Depot data breach.

73.     The losses and damages sustained by Plaintiff and Class Members as described herein were the direct and proximate result of Home Depot's breaches of the implied contracts between Home Depot and Plaintiff and members of the Class.

74.     Wherefore, Plaintiff prays for relief as set forth below.

**COUNT V**
**BAILMENT**
**(On behalf of Plaintiff and the separate statewide bailment classes.)**

75.     Plaintiff repeats, realleges, and incorporates Paragraphs 1 through 74 in this Complaint as if fully set forth herein.

76.     Plaintiff and members of the separate statewide Bailment Classes ("Class" as used in this Count V) delivered their personal and financial information, including the information contained on the magnetic stripes of their credit or debit cards, to Home Depot for the exclusive purpose of making purchases from Home Depot at Home Depot stores.

77.     In delivering their personal and financial information to Home Depot, Plaintiff and Class Members intended and understood that Home Depot would adequately safeguard their personal and financial information.

78.     Home Depot accepted possession of Plaintiff's and Class Members' personal and financial information for the purpose of accepting payment for goods purchased by Plaintiff and members of the Class at Home Depot stores.

79.     By accepting possession of Plaintiff's and Class Members' personal and financial information, Home Depot understood that Plaintiffs and Class Members expected Home Depot to adequately safeguard their personal and financial information.  Accordingly, a bailment (or deposit) was established for the mutual benefit of the parties.

80.     During the bailment (or deposit), Home Depot owed a duty to Plaintiff and Class Members to exercise reasonable care, diligence and prudence in protecting their personal and financial information.

81.     Home Depot breached its duty of care by failing to take appropriate measures to safeguard and protect Plaintiff's and Class Members' personal and financial information, resulting in the unlawful and unauthorized access to and misuse of Plaintiff's and Class Members' personal and financial information.

82.     Home Depot further breached its duty to safeguard Plaintiff's and Class Members' personal and financial information by failing to timely and accurately notify them that their information had been compromised as a result of the Home Depot data breach.

83.     Home Depot failed to return, purge or delete the personal and financial information of Plaintiff and members of the Class at the conclusion of the bailment (or deposit) and within the time limits allowed by law.

84.     As a direct and proximate result of Home Depot's breach of its duty, Plaintiff and Class Members suffered consequential damages that were reasonably foreseeable to Home Depot, including but not limited to the damages set forth above.

85.     As a direct and proximate result of Home Depot's breach of its duty, the personal and financial information of Plaintiff and Class Members entrusted to Home Depot during the bailment (or deposit) was damaged and its value diminished.

86.     Wherefore, Plaintiff prays for relief as set forth below.

**COUNT VI**
**UNJUST ENRICHMENT**
**(On behalf of Plaintiff and the separate statewide unjust enrichment classes.)**

87.     Plaintiff repeats, realleges, and incorporates Paragraphs 1 through 86 in this Complaint as if fully set forth herein.

88.     Plaintiff and members of the separate statewide Unjust Enrichment Classes ("Class" as used in this Count VI) conferred a monetary benefit on Home Depot in the form of monies paid for the purchase of goods from Home Depot during the period of the Home Depot data breach.

89.     Home Depot appreciates or has knowledge of the benefits conferred directly upon it by Plaintiff and members of the Class.

90.     The monies paid for the purchase of goods by Plaintiff and members of the Class to Home Depot during the period of the Home Depot data breach were supposed to be used by Home Depot, in part, to pay for the administrative and other costs of providing reasonable data security and protection to Plaintiff and members of the Class.

91.     Home Depot failed to provide reasonable security, safeguards and protection to the personal and financial information of Plaintiff and Class Members and as a result, Plaintiff and Class Members overpaid Home Depot for the goods purchased through use of their credit and debit cards during the period of the Home Depot data breach.

92.     Under principles of equity and good conscience, Home Depot should not be permitted to retain the money belonging to Plaintiff and members of the Class, because Home Depot failed to provide adequate safeguards and security measures to protect Plaintiff's and Class Members' personal and financial information that they paid for but did not receive.

93.     As a result of Home Depot's conduct, Plaintiff and members of the Class suffered damages and losses as stated above, including monies paid for Home Depot products that Plaintiff and Class Members would not have purchased had Home Depot disclosed the material fact that it lacked adequate measures to

safeguard customers' data and had Home Depot provided timely and accurate notice of the data breach, and including the difference between the price they paid for Home Depot's goods as promised and the actual diminished value of its goods and services.

94.    Plaintiff and the Class have conferred directly upon Home Depot an economic benefit in the nature of monies received and profits resulting from sales and unlawful overcharges to the economic detriment of Plaintiff and the Class.

95.    The economic benefit, including the monies paid and the overcharges and profits derived by Home Depot and paid by Plaintiff and members of the Class, is a direct and proximate result of Home Depot's unlawful practices as set forth in this Complaint.

96.    The financial benefits derived by Home Depot rightfully belong to Plaintiff and members of the Class.

97.    It would be inequitable under established unjust enrichment principles in the District of Columbia and all of the 50 states for Home Depot to be permitted to retain any of the financial benefits, monies, profits and overcharges derived from Home Depot's unlawful conduct as set forth in this Complaint.

98.     Home Depot should be compelled to disgorge into a common fund for the benefit of Plaintiff and the Class all unlawful or inequitable proceeds received by Home Depot.

99.     A constructive trust should be imposed upon all unlawful or inequitable sums received by Home Depot traceable to Plaintiff and the Class.

100.    Plaintiff and the Class have no adequate remedy at law.

101.    Wherefore, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

A.      On behalf of himself and the Classes set forth above, Plaintiff requests that the Court order relief and enter judgment against Defendant and enter an order:

B.      certifying this case as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and, pursuant to Fed. R. Civ. P. 23(g), appoint the named Plaintiff to be Class representative and his undersigned counsel to be Class counsel;

C.      requiring Defendant to make whole any losses suffered by Plaintiff and Class members;

D.      enjoining Defendant from further engaging in the unlawful conduct complained of herein;

E.      awarding Plaintiff and the Classes appropriate relief, including actual and statutory damages, restitution and disgorgement;

F.      awarding pre-judgment and post-judgment interest;

G.      requiring Defendant to pay for notifying the Class of the pendency of this action;

H.      establishing a fluid recovery fund for distribution of unclaimed funds;

I.      requiring Defendant to pay Plaintiff and Class members reasonable attorneys' fees, expenses, and the costs of this action; and

J.      providing all other and further relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 8th day of September, 2014.

LAW OFFICES OF DAVID A. BAIN, LLC

*/s/ David A. Bain*
David A. Bain
Georgia Bar No. 032449
1050 Promenade II
1230 Peachtree Street, NE
Atlanta, GA 30309
Tel: (404) 724-9990
Fax: (404) 724-9986

dbain@bain-law.com

Kenneth G. Gilman
(to be admitted *pro hac vice*)
GILMAN LAW, LLP
Beachway Professional Center Tower
8951 Bonita Beach Road, S.E. Suite 525
Bonita Springs, Florida 34135-4208
Tel: (888) 252-0048
kgilman@gilmanlawllp.com

*Attorneys for Plaintiff*

{00032317( ) }