IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLEN MAZEROLLE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>THE HOME DEPOT, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:14-cv-2887<br>)<br>)<br>)<br>) |

## MOTION TO DISMISS THE COMPLAINT

NOW COMES Defendant The Home Depot, Inc. ("Defendant"), by counsel, and respectfully moves the Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss the Complaint in this action.

This case is one of several putative consumer class actions that have been filed in the last month in connection with a criminal intrusion into Home Depot's data systems, including a materially similar action, *Solak v. The Home Depot, Inc.*, No. 1:14-cv-2856, which Home Depot moved to dismiss for nearly identical reasons on October 13, 2014 (Doc. 12). Plaintiff Allen Mazerolle alleges that the criminal intrusion caused him to become the target of "imminent" and "increased

threat of identity theft and fraud." Compl., Doc. 1, ¶¶ 18.  Plaintiff brings a claim for an alleged violation of the Federal Stored Communications Act, 18 U.S.C. § 2702.  He seeks to represent 50 statewide classes on claims of negligence, unjust enrichment, bailment, and breach of implied contract.  He also seeks to represent 38 statewide classes under specific state data-breach statutes.

As explained in more detail in the incorporated and attached memorandum of law, Plaintiff's claims fail as a matter of law for three reasons:

(1) Plaintiff lacks Article III standing to bring these claims because he has not alleged nor suffered any injury-in-fact.  Speculative claims of hypothetical future identity theft or fraud are not sufficient to confer standing.

(2) Plaintiff also lacks standing to represent purported statewide classes of plaintiffs from states where Plaintiff neither made a Home Depot purchase nor where he resides.  The unnamed class members' claims do not confer standing on this Plaintiff.

(3) Plaintiff's claims also fail as a matter of law.  The Federal Stored Communications Act does not apply to Home Depot.  Plaintiff has no private right of action to bring the state data-breach claim.  And Plaintiff cannot plausibly plead the requisite elements for his negligence, breach of implied contract, bailment, and unjust enrichment claims.

Accordingly, Home Depot respectfully requests that this Court dismiss the Complaint with prejudice.

Respectfully submitted, this 16th day of October, 2014.

        */s/ Phyllis B. Sumner*
        Phyllis B. Sumner
        Georgia Bar No. 692165
        S. Stewart Haskins II
        Georgia Bar No. 336104
        J. Andrew Pratt
        Georgia Bar No. 465311
        KING & SPALDING LLP
        1180 Peachtree Street
        Atlanta, Georgia 30309
        Telephone: (404) 572-4600
        Facsimile: (404) 572-5100
        psumner@kslaw.com
        shaskins@kslaw.com
        apratt@kslaw.com

        *Counsel for Defendant*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by L.R. 5.1B.  This Motion was prepared on a computer using the Times New Roman font (14 point).

Respectfully submitted, this 16th day of October, 2014.

*/s/ Phyllis B. Sumner*
Phyllis B. Sumner
Georgia Bar No. 692165

## **CERTIFICATE OF SERVICE**

The undersigned counsel for Defendant The Home Depot, Inc. hereby certifies that a true and correct copy of the foregoing was filed on October 16, 2014 with the Court and served electronically through the CM-ECF (electronic case filing) system to all counsel of record registered to receive a Notice of Electronic Filing for this case.

*/s/ Phyllis B. Sumner*
Phyllis B. Sumner
Georgia Bar No. 692165